```
              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF OHIO
                    SOUTHERN DIVISION

JOILYNN KAREGA-MASON,

            Plaintiff,
   -v-                                  2:18-cv         -
                                        Hon.
OBERLIN COLLEGE,
a corporation,
MARVIN KRISLOV,
TIMOTHY ELGRIN, and              JURY DEMAND ENDORSED HEREON
CLYDE S. McGREGOR,

            Defendants.
_____/
LAW OFFICE OF GARY A. BENJAMIN, INC
By: Gary Benjamin
Attorney for Plaintiff
2976 Monmouth Road
Cleveland Heights, Ohio 44118-4036
(313)590-6136
_____/
```

## COMPLAINT

NOW COMES Plaintiff, by and through attorney GARY BENJAMIN (), as Complaint against the Defendants, jointly and severally, states as follows:

## JURISDICTION AND VENUE

1. Original jurisdiction of this Court is proper pursuant to 28 U.S.C. 1343 (a)(4) and 42 U.S.C. 3613.

2. Supplemental jurisdiction over the state claims is proper in this court pursuant to 28 U.S.C. 1367(a).

3. Venue lies within the Eastern District of Ohio pursuant to 28 U.S.C. 1391(b).

4a. On or about the 29th day of August, 2016, Plaintiff filed a charge of unlawful discrimination with the United States Equal Employment Opportunity Commission and the Ohio Civil Rights Commission (herein called "the Administrative Agencies)" alleging unlawful discrimination against Plaintiff by defendant Oberlin College.

4b. On or about the 17th day of January, 2017, during the pendency of the charge of discrimination described in paragraph 4a, above, Plaintiff filed a second charge of discrimination alleging unlawful discriminatory retaliation against Plaintiff due to her filing and processing of the charge described in paragraph 4a, above.

4c. On or about the 13th and 14th days of August, 2018, respectively, processing of the charges of discrimination described in paragraphs 4a and 4b, above, was concluded.

4d. In the concluding of the processing by the Administrative Agencies, this court was granted jurisdiction pursuant to 42 U.S.C. 2000e, et seq.

4e. Plaintiff has filed this action within ninety (90) days of the conclusion of the processing of Plaintiff's charges of unlawful discrimination as described in paragraphs 4a and 4b, above.

## THE PARTIES

5a. At all times material upon information and belief, defendant OBERLIN COLLEGE, upon information and belief, has represented itself as an institution of higher learning located in the state of Ohio, and this judicial district.

5b. At all times material to these proceedings, defendant, Marvin Krislov, was in the position of President of Oberlin College.

5c. At all times material to these proceedings, defendant, Timothy Elgren was in the position of Chair and Dean of Arts & Sciences of defendant, Oberlin College, and the chair of the College Faculty Council.

5d. At all times material to these proceedings, Clyde S. McGregor served as Chair of the Board of Trustees of Oberlin College.

6. On or about December 16, 2013 Joilynn Karega-Mason, hereinafter referred to as "Plaintiff" was employed as an Assistant Professor of Rhetoric and Composition.

7. Plaintiff, at all times material, was qualified and available for employment with defendant, Oberlin College, in the capacity she was employed as Assistant Professor on the Oberlin, Ohio campus.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed with defendant, Oberlin College as an Assistant Professor of Rhetoric and Composition defendants commencing December, 2013 through November 15, 2016.

9. During or about the period commencing during or about March, 2016 through the conclusion of employment of Plaintiff, defendant, Oberlin College, through its administrative officials, including, but not limited to President Krislov and Dean Elgrin, among others not named at this time, engaged in an unrelenting and pervasive conspiracy to terminate the employment of Plaintiff.

10. The conduct of defendant Oberlin, through its agents was done without cause or justification.

11. At all times material to these proceedings, the conduct of defendants Oberlin College, Krislov and Elgrin described in preceding paragraphs, included, but not limited to:

    a. Instigating false charges of professional misconduct against Plaintiff;
    b. soliciting student complaints against Plaintiff;
    c. attempting to manipulate official college organizations in an effort to secure determinations adverse to the professional interest and standing of Plaintiff;
    d. violating college and industry standards and procedures;
    e. attempting to eliminate African American members from Oberlin college decision making decision authorities; and

    f.    changing the administrative, student advising, and teaching duties of Plaintiff;

    g.    soliciting professionals throughout the United States of America in an effort to generate and manipulate adverse opinion(s) against Plaintiff;

    h.    intentionally and personally ignoring and/or not acting upon misconduct of male(s) and Caucasian female Oberlin instructor(s), professor(s), or administrator(s) use of racially derogatory language or engaging in discriminatory acts;

    h.    among other improper actions.

12a. During the period May 18, 2016 thru June 30, 2016 defendants Oberlin College, through its College Faculty Council (herein sometimes referred to as "CFC") and Professional Conduct Review Committee (herein sometimes referred to as "PCRC", conducted hearing, including, the taking of testimony from witnesses memorialized through a stenographic record.

12b. The PCRC made findings which included, but not limited to:

    a.    No conduct of Plaintiff would rise to to the level of misconduct that warrant dismissal or suspension;

    b.    Plaintiff should not be suspended or dismissed by or from Oberlin College;

    c.    Dean Timothy Elgren acted in conflict of interest in serving as Chair of the Oberlin College Faculty Council as well as prosecuting charges against Plaintiff;

    d.    Dean Timothy Elgren should be excluded from participating in personnel actions involving Plaintiff;

12c. The finding of the PCRC were ignored by defendant former President Marvin Krislov and the Oberlin College trustees.

12d. Following issuance of the findings and report of PCRC, defendant Dean Timothy Elgren was permitted by defendants Oberlin and Krislov to continue to engaged in an unrelenting and pervasive conspiracy to terminate the employment of Plaintiff.

12e. The conduct of defendant Oberlin through defendants Krislov and Elgren constitutes an unrelenting and pervasive conspiracy to terminate the employment of Plaintiff by the college.

13. On or about the 15th day of November, 2016, Plaintiff's employment with defendant Oberlin College was terminated.

## COUNT I

### BREACH OF CONTRACT

14. Plaintiff realleges paragraphs 1 through 13, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

15a. The written letter of employment extended to Plaintiff, along with the Oberlin College Faculty Guide, AAUP 1940 Statement on Academic Freedom and Tenure. Interpretive Comments, and Statement on Professional Ethics, 2009 revision, with other documents constitutes a contract of employment between Plaintiff

-6-

and defendant Oberlin College requiring cause for termination, and due process in the evaluation of Plaintiff suitability for continued employment as an Assistant Professor.

15b. Pursuant to the contract of employment between Plaintiff and Oberlin College, as described in paragraph 15(a), defendant Oberlin College was obligated to have cause for termination of the contract, and afford Plaintiff due process should the need to evaluate Plaintiff's suitability for continued employment as an Assistant Professor be warranted.

16. Defendant Oberlin College breached the aforedescribed contract of Plaintiff by termination of employment November 15, 2016; and the process utilized to accomplish termination.

17. As a direct and proximate result of the discriminatory conduct of each defendant described above, Plaintiff suffered the indignity of discharge; loss of professional opportunities; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

18. As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with punitive damages, taxable cost, interest thereon and attorneys fees.

## COUNT II

### EMPLOYMENT DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS OF PLAINTIFF

19. Plaintiff realleges paragraphs 1 through 18, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

20a. Pursuant to terms of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e, et seq, as amended defendants, and each of them, individually and collectively, were obligated to refrain from discriminating against persons on account of race and/or gender in terms of wages, hours, or other terms or conditions of employment.

20b. Pursuant to terms of the Ohio Civil Rights Act et seq, as amended defendants, and each of them, individually and collectively, were obligated to refrain from discriminating against persons on account of race and/or gender in terms of wages, hours, or other terms or conditions of employment.

-8-

21. The conduct of defendants, and each of them, described in paragraphs 11 through 13, inclusive constitutes violation(s) of Title VII of the Civil Rights Act described in paragraph 20a., above, and the Ohio Civil Rights Act

22. As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; loss of professional opportunities; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

23. As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually and collectively, for compensatory damages in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with exemplary or punitive damages the taxable cost, interest thereon and attorneys fees.

## COUNT III

### VIOLATION OF THE CIVIL RIGHTS ACTS OF 1866 and 1870

24. Plaintiff realleges paragraphs 1 through 23, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

25. Pursuant to the Civil Rights Acts of 1866 and 1870, as amended, defendants and each of them, individually and collectively, were obligated to avoid interfering with the right of all persons to contract for employment the same as white person(s).

26. At all times material to these proceedings, defendants, and each of them, have interfered with the rights and privileges of Plaintiff to continue employment at Oberlin College as described in paragraph 6, above, the same as white person(s).

27. As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination in connection with her employment experience at Oberlin College, and the termination of same employment arrangement.

28. As a further direct and proximate result of the discrimination described above, Plaintiff has lost professional

-10-

opportunities; also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with the taxable cost, interest thereon and attorneys fees.

### COUNT IV

### RETALIATION AGAINST PLAINTIFF
### IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

29. Plaintiff realleges paragraphs 1 through 28, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

30. Pursuant to terms of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e, et seq, as amended defendants, and each of them, individually and collectively, were obligated to refrain from retaliating against persons on account of the filing of a charge of discrimination (such as Plaintiff filed, as described in paragraph 4a, above).

31. At all times material, defendant, Oberlin College, with the active participation of defendants McGregor, Krislov and Elgrin terminated the employment of Plaintiff in part due to the filing of the Charge of Discrimination described in paragraph 4a.

-11-

32. As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of retaliatory discrimination; loss of professional opportunities; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

33. As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with with exemplary or punitive damages the taxable cost, interest thereon and attorneys fees.

LAW OFFICE OF GARY A. BENJAMIN, INC.

GARY BENJAMIN (0068922)
Attorney for Plaintiff
2976 Monmouth Road
Cleveland Heights, Oh 44118-4036
(313) 590-6136
email: benjaminlawohio@gmail.com

Date: November 9, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OHIO
SOUTHERN DIVISION

JOILYNN KAREGA-MASON,

        Plaintiff,

  -v-                               2:18-cv    -
                                         Hon.

OBERLIN COLLEGE,
a corporation,
MARVIN KRISLOV, and
TIMOTHY ELGRIN,

        Defendants.
_____/
LAW OFFICE OF GARY A. BENJAMIN, INC
By: Gary Benjamin
Attorney for Plaintiff
2976 Monmouth Road
Cleveland Heights, Ohio 44118-4036
(313) 590-6136
_____/

## JURY DEMAND

**NOW COMES** Plaintiff, by counsel, and hereby demands trial by jury on all issues in this matter.

                           LAW OFFICE OF GARY A. BENJAMIN, INC.

                           */s/ Gary Benjamin*
                           GARY BENJAMIN (0080922)
                           Attorney for Plaintiff
                           2976 Monmouth Road
                           Cleveland Heights, Oh 44118-4036
Date: November 9 , 2018   (313) 590-6136
                           email: benjaminlawohio@gmail.com