UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
SOUTHERN DIVISION

JOILYNN KAREGA-MASON,

    Plaintiff,

v.

OBERLIN COLLEGE, a corporation, MARVIN KRISLOV, TIMOTHY ELGRIN and CLYDE S. McGREGOR,

    Defendants.

CASE NO.  1:18-cv-2587
HON. SOLOMON OLIVER, JR.

| | |
|---|---|
| Gary Benjamin<br>LAW OFFICE OF GARY A. BENJAMIN, INC.<br>*Attorney for Plaintiff*<br>2976 Monmouth Road<br>Cleveland Heights, OH  48118-4036<br>(313) 590-6136<br>benjaminlawohio@gmail.com | Timothy H. Howlett (P24030)<br>Sara H. Jodka (76289)<br>DICKINSON WRIGHT PLLC<br>*Attorneys for Defendants*<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan  48226<br>(313) 223-3500<br>thowlett@dickinsonwright.com<br>sjodka@dickinsonwright.com |

**MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND........................................................1

III. STANDARD OF REVIEW ................................................................................................2

IV.  ARGUMENT......................................................................................................................3

      A.      Plaintiff Fails to Plausibly Plead a Breach of Contract Claim Against the Individual Defendants, or a Possible Entitlement to Punitive or Emotional Distress Damages................................................................................................3

            1.      The Individual Defendants Should be Dismissed from Count I. .................3

            2.      Plaintiff Fails to Plead a Right to Punitive or Emotional Distress Damages........................................................................................................4

      B.      Plaintiff Cannot Bring Her Title VII Claims Against the Individual Defendants. ................................................................................................................5

      C.      Plaintiff Fails to Plead a Viable Claim Under the Civil Rights Acts of 1866 and 1870.........................................................................................................6

V.   CONCLUSION...................................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 2

*Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ................................................................................................................................ 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................................ 2

*Hout v. City of Mansfield*, 550 F.Supp.2d 701, 719 (N.D. Ohio 2008) .......................................... 6

*In re Firstline Sec., Inc.*, 415 B.R. 553, 558 (D. Utah 2009) .......................................................... 7

*In re KDI Corp.*, 21 B.R. 652, 662 (Bankr. S.D. Ohio 1982) .......................................................... 4

*Jackie S. v. Connelly*, 442 F.Supp.2d 503, 513 (S.D. Ohio July 20, 2006) ............................... 7, 8

*Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 435 (1968) .............................................................. 7

*Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 230, 2001-Ohio-1334, 754 N.E.2d 785 .................................................................................................................... 5

*Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶¶ 36–40, 97 N.E.3d 458 ........................................................................................................................ 4

*Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ..................................................................... 7

*Nuovo v. The Ohio State Univ.*, 726 F.Supp.2d 829, 840–41 (S.D. Ohio 2010) ........................... 5

*Ohio Edison Co. v. Direct Energy Bus., LLC*, No. 5:17 CV 746, 2017 WL 3174347, at *2 (N.D. Ohio July 26, 2017) ........................................................................................................ 7

*Robins v. Global Fitness Holdings, LLC*, 838 F.Supp.2d 631, 642–43 (N.D. Ohio 2012) ............ 4

*Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ....................................................... 6

*Way v. Shawnee Twp.*, 192 F.Supp.3d 867, 874 n.15 (N.D. Ohio 2016) ...................................... 6

**Statutes**

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1, 2, 8

## ISSUES PRESENTED

Does Plaintiff plausibly allege a claim upon which relief can be granted as to:

Count I with respect to Marvin Krislov, Timothy Elgren, and Clyde S. McGregor (collectively, the "Individual Defendants");

Count I with respect to alleged punitive and emotional distress damages;

Count II with respect to alleged race discrimination in violation of Title VII as to the Individual Defendants;

Count III; and

Count IV with respect to alleged retaliation in violation of Title VII as to the Individual Defendants, under Federal Rule of Civil Procedure 12(b)(6)?

**Plaintiff Answers:** Yes.

**Defendants Answer:** No.

## ARGUMENT SUMMARY

Plaintiff fails to state a claim upon which relief can be granted with respect to Counts I, II, and IV in part. As to Count I, first, the Individual Defendants cannot be held individually or personally liable for Defendant Oberlin's alleged breach of contract, and Plaintiff alleges no facts supporting a theory that the Individual Defendants contracted with Plaintiff and breached such contracts. Second, punitive and emotional distress damages are not available for breach of contract claims. Regarding Counts II and IV, Plaintiff cannot claim that the Individual Defendants are personally liable under Title VII as a matter of law. Finally, Plaintiff fails to articulate a plausible claim for relief under the Civil Rights Acts of 1866 and 1870.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants respectfully submit this Memorandum of Points and Authorities in support of their Partial Motion to Dismiss because, as to Count III, and Counts I, II, and IV in part, Plaintiff fails to state plausible claims upon which relief can be granted.

### I. INTRODUCTION

This case arises from Plaintiff's discharge from employment as an Assistant Professor at Defendant Oberlin College ("Oberlin") effective November 15, 2016 for failing to meet the academic standards required of Oberlin College faculty and failing to demonstrate intellectual honesty. Plaintiff alleges that her discharge was discriminatory, retaliatory, and breached her contract with Oberlin. Plaintiff's Complaint is deficient in a number of respects, and, in part, fails to state plausible claims upon which relief can be granted. As a result, the Court should dismiss Plaintiff's Complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Oberlin is an esteemed institution of higher learning, located in Oberlin, Ohio. (Compl. ¶ 5a.) Plaintiff Joilynn Karega-Mason ("Plaintiff") worked at Oberlin as an Assistant Professor of Rhetoric and Composition from December 16, 2013 to November 15, 2016. (*Id.* ¶¶ 6, 8.) During this time, Defendant Marvin Krislov ("Krislov") was President of Oberlin. Defendant Timothy Elgren ("Elgren") was the Dean of the College of Arts and Sciences and Chair of the College Faculty Council. (*Id.* ¶¶ 5b–5c.) Defendant Clyde S. McGregor ("McGregor") served as Chair of the Oberlin Board of Trustees. (*Id.* ¶ 5d.)

---

[1] For purposes of this Motion only, the factual allegations in the Complaint are accepted as true without any admission that the allegations are in fact true.

According to Plaintiff's Complaint, Krislov and Elgren instigated false charges of professional misconduct against Plaintiff and solicited student complaints against Plaintiff. (*Id.* ¶ 11.) Among other things, Krislov and Elgren allegedly violated college and industry standards and procedures, and attempted to manipulate official college organizations to damage Plaintiff's professional interest and standing. (*Id.*)

During the spring of 2016, the College Faculty Council and Professional Conduct Review Committee investigated Plaintiff's conduct, (*Id.* ¶ 12a.), and Oberlin terminated her employment on November 15, 2016. (*Id.* ¶ 13.) Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") on August 29, 2016, and filed another Charge on January 17, 2017, alleging unlawful retaliation. (*Id.* ¶¶ 4a–4b.) The EEOC and OCRC issued Plaintiff Right to Sue Letters on August 13 and 14, 2018. (*Id.* ¶¶ 4c–4d.) Plaintiff filed her Complaint in this Court on November 9, 2018.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. In order to survive a Motion to Dismiss under Rule 12(b)(6), a complaint's factual claims "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires more than mere labels and conclusions. *Twombly*, 550 U.S. at 555. Moreover, mere legal conclusions or characterizations are not entitled to a presumption of truth and therefore do not preclude dismissal. *Iqbal*, 556

U.S. at 679. Nor is it "proper to assume that [a plaintiff] can prove facts that [she] has not alleged." *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## IV.     ARGUMENT

### A.     Plaintiff Fails to Plausibly Plead a Breach of Contract Claim Against the Individual Defendants, or a Possible Entitlement to Punitive or Emotional Distress Damages.

#### 1.     The Individual Defendants Should be Dismissed from Count I.

In Count I, Plaintiff alleges that "[t]he written letter of employment extended to Plaintiff, along with the Oberlin College Faculty Guide, AAUP 1940 Statement on Academic Freedom and Tenure[,] Interpretive Comments, and Statement on Professional Ethics, 2009 revision, with other documents **constitutes a contract of employment between Plaintiff and defendant Oberlin College** requiring cause for termination, and due process in the evaluation of Plaintiff's suitability for continued employment as an Assistant Professor." (Compl. ¶ 15a. (emphasis added).)  Plaintiff further alleges that "[p]ursuant to the contract of employment between Plaintiff and Oberlin College, as described in paragraph 15(a), **defendant Oberlin College** was obligated to have cause for termination of the contract, and afford Plaintiff due process should the need to evaluate Plaintiff's suitability for continued employment as an Assistant Professor be warranted." (*Id.* ¶ 15b (emphasis added).)  Finally, Plaintiff alleges that "**Defendant Oberlin College** breached the aforedescribed contract of Plaintiff." (*Id.* ¶ 16 (emphasis added).)

Plaintiff utterly fails to allege a plausible breach of contract claim against the Individual Defendants. To establish a *prima facie* breach of contract claim, Plaintiff must show "(1) the existence of a contract; (2) plaintiff's performance under the contract; (3) defendant's failure to

perform under the contract; and (4) damages resulting from defendant's failure to perform." *Robins v. Global Fitness Holdings, LLC*, 838 F.Supp.2d 631, 642–43 (N.D. Ohio 2012).

Here, Plaintiff pleads no facts that would suggest that the Individual Defendants are liable to her for breach of contract. To be sure, Count I is replete with allegations against Oberlin, but it is silent as to how the Individual Defendants purportedly breached a contract with Plaintiff. Plaintiff does not allege that there is a contract between Plaintiff and any of the Individual Defendants, nor does she allege that Plaintiff performed under such a contract. Plaintiff further fails to allege how the Individual Defendants breached a purported contract. Yet, Plaintiff demands judgment against the each of the *Defendants* as to this count. (Compl. Count I Prayer for Relief.) In the absence of any facts suggesting Individual Defendants' liability for an alleged breach of contract, the Individual Defendants should be dismissed from Count I.

        2.    *Plaintiff Fails to Plead a Right to Punitive or Emotional Distress Damages.*

As the result of the alleged breach of contract, Plaintiff claims to have suffered "mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life." (Compl. ¶ 18.) Plaintiff also demands punitive damages for the alleged breach of contract. (*Id.* Count I Prayer for Relief). A plaintiff cannot recover punitive damages for breach of contract. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶¶ 36–40, 97 N.E.3d 458. *See also In re KDI Corp.*, 21 B.R. 652, 662 (Bankr. S.D. Ohio 1982) ("The general rule of damages for breach of contract for personal services, when the contract has a definite term of duration, is the amount of compensation agreed upon for the remainder of the term, less the amount which the servant might have earned, or actually earned, through the exercise of reasonable diligence."). Likewise, a plaintiff cannot recover emotional

distress damages in a breach of contract action "unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional distress was a particularly likely result." *Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 230, 2001-Ohio-1334, 754 N.E.2d 785. *See also Nuovo v. The Ohio State Univ.*, 726 F.Supp.2d 829, 840–41 (S.D. Ohio 2010) (plaintiff failed to demonstrate that his breach of employment contract claim fell into any potential exception to the general rule that emotional distress damages are not available for breach of contract).

Under Ohio law, Plaintiff cannot obtain punitive damages on her breach of contract claim. As such, Plaintiff's request for punitive damages should be dismissed. Further, Plaintiff pleads no facts that could possibly give rise to emotional distress damages. Plaintiff does not allege that the purported breach caused her bodily harm, or any facts to support that the contract or its breach was such that emotional distress was especially likely to result. More fundamentally, although Plaintiff alleges that she experienced mental anguish, she alleges no conduct on the part of the Defendants related to her breach of contract claim that could plausibly give rise to such mental anguish. On the contrary, Plaintiff alleges a standard breach of contract claim. Plaintiff's claims for punitive and emotional distress damages should be dismissed as a matter of law.

    **B.**     **Plaintiff Cannot Bring Her Title VII Claims Against the Individual Defendants.**

In Count II, Plaintiff alleges that "[p]ursuant to terms of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., **defendants, and each of them, individually and collectively**, were obligated to refrain from discrimination against persons on account or race and/or gender." (Compl. ¶ 20a (emphasis added).) Plaintiff further alleges that "[t]he conduct of

**defendants, and each of them**, described in paragraphs 11 through 13, inclusive constitutes violation(s) of Title VII of the Civil Rights Act described in paragraph 20a." (*Id.* ¶ 21 (emphasis added).) Plaintiff demands judgment against the Defendants, "individually and collectively." (*Id.* Count II Prayer for Relief.)

Similarly, in Count IV, Plaintiff alleges that "[p]ursuant to terms of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq, defendants, and each of them, individually and collectively, were obligated to refrain from retaliating against persons on account of the filing of a charge of discrimination." (*Id.* ¶ 30.) Plaintiff demands judgment against "the Defendants." (*Id.* Count IV Prayer for Relief.)

Title VII does not permit personal liability against supervisors, managers, or executives. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Hout v. City of Mansfield*, 550 F.Supp.2d 701, 719 (N.D. Ohio 2008); *Way v. Shawnee Twp.*, 192 F.Supp.3d 867, 874 n.15 (N.D. Ohio 2016). As such, as a matter of law, Plaintiff cannot bring her Title VII claims against the Individual Defendants. Count II should be dismissed in part, with respect to Plaintiff's claims against the Individual Defendants under Title VII, and Count IV should be dismissed in part, with respect to the Individual Defendants.

    **C.    Plaintiff Fails to Plead a Viable Claim Under the Civil Rights Acts of 1866 and 1870.**

Plaintiff fails to plausibly allege a claim under the Civil Rights Acts of 1866 and 1870. Plaintiff claims that "[p]ursuant to the Civil Rights Acts of 1866 and 1870, as amended, defendants and each of them, individually and collectively, were obligated to avoid interfering with the right of all persons to contract for employment the same as white person(s)." (Compl. ¶ 25.) Plaintiff further alleges that "[a]t all times material to these proceedings, defendants, and

each of them, have interfered with the rights and privileges of Plaintiff to continue employment at Oberlin College as described in paragraph 6, above, the same as white person(s)." (*Id.* ¶ 26.) Finally, Plaintiff alleges that "[a]s a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination in connection with her employment experience at Oberlin College, and the termination of same employment arrangement." (*Id.* ¶ 27.)

Based on these allegations, it is unclear precisely what Plaintiff claims with respect to alleged violations of the Civil Rights Acts of 1866 and 1870, and, as such, Count III should be dismissed as a matter of law. "To survive a motion to dismiss, the 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Ohio Edison Co. v. Direct Energy Bus., LLC*, No. 5:17 CV 746, 2017 WL 3174347, at *2 (N.D. Ohio July 26, 2017) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Further, Plaintiff's Complaint "must give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Jackie S. v. Connelly*, 442 F.Supp.2d 503, 513 (S.D. Ohio July 20, 2006). *See also In re Firstline Sec., Inc.*, 415 B.R. 553, 558 (D. Utah 2009) (dismissing waiver and estoppel claims where the complaint "does not set forth the elements of waiver or estoppel that must be met, does not allege the appropriate governing law, and provides no factual basis for these alternative theories for relief").

Here, Plaintiff fails to identify the specific statutory authority upon which she grounds her claim for relief. The Civil Rights Act of 1866 was initially vetoed by President Andrew Johnson in 1866, before the Senate and the House of Representatives overrode the veto by the necessary majorities. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 435 (1968). The 1866 Act's

goal was "to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein – including the right to purchase or lease property." *Id.* at 436. The 1866 Act was then re-enacted in 1870. *Id.* In 1870, the focus shifted from property rights and hostile statutes to the dangers presented by the Ku Klux Klan, operating outside the law. *Id.* Against this background, and in the absence of an explicit statutory hook, or even facts demonstrating how Defendants allegedly violated the protections of the 1866 and 1870 Civil Rights Acts, Defendants are left to guess at Plaintiff's meaning in Count III and what authority Plaintiff purports to invoke. In sum, Plaintiff fails to give Defendants "fair notice of what [her] claim is and the grounds upon which it rests." *Jackie S.*, 442 F.Supp.2d at 513. Therefore, Count III should be dismissed pursuant to Rule 12(b)(6).

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court enter an Order dismissing with prejudice:

Count I with respect to Marvin Krislov, Timothy Elgren, and Clyde S. McGregor (collectively, the "Individual Defendants");

Count I with respect to alleged punitive and emotional distress damages;

Count II with respect to alleged race discrimination in violation of Title VII as to the Individual Defendants;

Count III; and

Count IV with respect to alleged retaliation in violation of Title VII as to the Individual Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

DICKINSON WRIGHT PLLC


By: *s/ Timothy H. Howlett*
    Timothy H. Howlett (P24030)
Sara H. Jodka (76289)
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
Phone: (313) 223-3500
Fax: (844) 670-6009
Email: thowlett@dickinsonwright.com
Email: sjodka@dickinsonwright.com
76289 (Sara H. Jodka)

Dated: February 11, 2019

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Undersigned counsel hereby certifies that this case has not yet been assigned to a track. This Memorandum complies with Local Rule 7.1(f)'s requirement that memoranda relating to dispositive motions in standard and unassigned cases must not exceed twenty (20) pages because it is 15 pages in length.

By: /s/ Timothy H. Howlett<br>Timothy H. Howlett (P24030)

DETROIT 86284-1 1489918v1